WINDOW ROCK DISTRICT COURT

April 26, 1982

No. WR-CR-7588-81

OPINION AND ORDER

NAVAJO NATION, Plaintiff, v.

ROSS BIGMAN, Defendant.

Honorable Henry Whitehair, Judge presiding.


This opinion and order is based upon a motion for discovery made by the defendant on February 24, 1982. The motion demands witness statements taken by the Navajo Nation; tests, demonstrations and like matters; and documents and exhibits the prosecution intends to introduce at trial.

Rule 12 of the Rules of Criminal Procedure gives the court the discretion to grant criminal discovery motions upon a showing the items sought "may be material to the defense" and a showing the request is reasonable. The showing of materiality here was that the prosecution's evidence and testimony needs to be known by the defendant in order to prepare for trial. That showing will have to suffice for the showing of reasonableness, because there was no specific showing which addressed reasonableness.

The questions before the court are 1) The proper scope of a discovery order, and 2) the sufficiency of the motion.

There is no outside precident which will give clear guidance to the court in deciding what the proper scope of discovery will be. Our Rule 12 was apparently based upon Rule 16 of the Federal Rules of Criminal Procedure. However there is a large difference in our rule and the Federal rule. Rule 16 F.R.Cr.P. limits the discovery of witness statements to those of the defendant and exempts government materials which are its work product. R. 16(a)(1), (a)(2). Our rule permits the discovery of any books, papers, documents, etc. the prosecution has which are "obtained from the defendant or elsewhere." Therefore our rule is in reality an "open file" rule. That is, there is a common practice among the various United States Attorneys and state prosecutors to permit the defendant to inspect the prosecution file in order to see what the government's case is. This practice was spurred by the case of Brady v. Maryland, which requires the revelation of evidence favorable to the defendant. 373 U.S. 83 (1963). Under this rule even a negligent failure to disclose favorable evidence may constitute a denial of due process. See United States v. Auten, 632 F.2d 478 (CA 5, 1980); Ogden v. Wolf, 522 F.2d 816 (CA 8, 1975); United States v. McCrane, 527 F.2d 906 (CA 3, 1975); Giglio v. United States, 405 U.S. 150 (1972); United States v. Anderson, 574 F. 2d 1347 (1978).

Given the fact the Judges of the Navajo Nation quite apparently had Rule 16 of the federal criminal rules in mind, and given the fact of

the Brady line of cases, the court must conclude the scope of our Rule 12 is broad and can encompass any kind of matter.

The only limitations on the full scope of Rule 12 are the required showings of materiality to the defense and reasonableness. The defendant here simply says he needs these things to prepare for trial. There is no showing of any Brady argument, but that may well not be necessary under our rule. Because we do have an "open file" rule and because the defense counsel has a duty to prepare for trial, the materiality element would appear to be satisfied by a showing, by saying so and by asking for certain things, that the materials are needed for trial preparation. To not do so given our rule would be ineffective assistance of counsel. See, "Modern Status of Rule as to Test in Federal Court of Effective Representation by Counsel," 26 ALR Fed. 218; "Ineffective Assistance of Counsel," 5 Am.Jur. Proof of Facts 2d, 267.

There was no facial showing of reasonableness in the motion, so the court is left to examine what is asked for. Witness statements are reasonable because obviously the defense would want to examine a prosecution witness on any prior inconsistent statement and would want to know that the essence of the witness' testimony will be. Tests, demonstrations and other reports based on possible demonstrative evidence are reasonable as well because the defendant will want to prepare to rebutt any unfavorable results or matters shown by them. Exhibits and other documentary evidence to be introduced at trial are reasonably discoverable in order to prepare objections and rebuttal evidence.

Therefore the court must conclude that the scope of the motion is almost unlimited and there has been skimpy yet proper showing for the court to exercise its discretion and permit a discovery order.

Our rule may be extremely liberal one, and the court notes the lack of discovery by the prosecution. This is not to say that the court could not order such discovery because of the fact trial courts have inherent powers to require the production of all relevant facts in a criminal trial, any statutory limitations notwithstanding. United States v. Nickell, 552 F.2d 684 (CA6, 1977).

Therefore, in compliance with Rule 12, R.Cr.P., the court enters the following ORDERS:

1. The motion of the defendant is hereby GRANTED, and he shall be permitted to inspect and copy all witness statements, reports, tests, demonstrations, documents, exhibits and other matters in the custody and control of the prosecution with respect to the above-captioned matter; and

2. The permitted discovery shall take place at the office of the Prosecutor or the office of the individual or agency having custody and control of the sought materials; and

3. Counsel of record for the Navajo Nation shall advise counsel for the defendant of the location and custodian of the materials sought; and

4. Discovery shall be permitted in accordance with this order no later then ten days from the date of its entry; and

5. Reproduction of the sought materials shall be made at the location of the materials or a place reasonably agreed to or accessable to their place of location, and the defendant shall pay any costs of reproduction of such materials.